**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RONALD V. JACKSON, #268425**                           **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 1:05cv305DMR-JMR**

**CITY OF GULFPORT and JIM HOOD**                      **RESPONDENTS**

**OPINION AND ORDER**

The petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and requested in forma pauperis status. On July 27, 2005, an order [doc.#6] was entered denying the petitioner's request to proceed in forma pauperis and the petitioner was directed to pay the required $5.00 filing fee, within thirty days. The petitioner was warned in this court's order of July 27, 2005, that failure to timely comply with the requirements of the order may lead to the dismissal of his petition.

The petitioner filed a letter on August 5, 2005 [doc.#7] in response to the court's order, stating that he sent a request to the inmate account department for the money. In light of Hurricane Katrina, the petitioner was allowed over three months to comply with the court's July 27, 2005 order. On November 18, 2005, this court entered an order [doc.#8] requiring the petitioner to show cause why this action should not be dismissed for his failure to comply with the court's July 27, 2005 order. In addition, the petitioner was ordered to comply with the order by paying the required filing fee on or before December 18, 2005. The petitioner was warned in this court's order of November 18, 2005, that failure to timely comply with the requirements of the order would lead to the dismissal of this case. The petitioner failed to comply with this order.

According to the court records, petitioner has failed to communicate further with the court, either to inquire as to the status of his case or to attempt to comply with two court orders. The petitioner's failure to comply with two orders of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the respondents have not been called upon to respond to the petition, and have never appeared in this action, and since the court has never considered the merits of the petition, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

THIS, the   18th   day of January, 2006.


        **S/DAN M. RUSSELL, JR.**
        **UNITED STATES DISTRICT JUDGE**